IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICKY THOMPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | NO. 3:20-cv-00700 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Doc. No. 1, "Motion") filed by Petitioner, proceeding *pro* se, wherein he seeks vacatur of his conviction in his underlying criminal case (this Court's case no. 3:15-cr-00066-5) based on multiple theories of (alleged) ineffective assistance of counsel. For the reasons stated herein, the Court concludes that Petitioner's Motion is time-barred.

Petitioner's Motion arises from his conviction on four counts: conspiracy to distribute heroin, cocaine, and crack cocaine, in violation of 21 U.S.C. § 846 (Count One); money laundering, in violation of 18 U.S.C. § 1956(h) (Count Two); possession of a firearm in furtherance of the federal drug-trafficking offense alleged in Count 1, in violation of 18 U.S.C. § 924(c) (Count Three); and conspiracy to commit witness tampering, in violation of 18 U.S.C. § 1512(k) (Count Four). (Case No. 3:15-cr-00066-5, Doc. No. 178). On July 20, 2017, Petitioner was found guilty by a jury on all counts. (Doc. No. 373). On December 20, 2017, the Court sentenced Petitioner to 420 months' imprisonment and ten years' supervised release. (Case No. 3:15-cr-00066-5, Doc. No. 453).

## LEGAL STANDARD

To prevail on a Section 2255 motion, a petitioner must demonstrate that the court imposed the sentence in violation of the Constitution, the court was without jurisdiction to impose such a sentence, the sentence was more than the maximum sentence authorized by law, or the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255 (2018). Section 2255 requires "a hearing on such allegations unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Fontaine v. United States*, 411 U.S. 213, 215 (1973) (internal quotation marks omitted); *Ray v. United States*, 721 F.3d 758, 760-61 (6th Cir. 2013); *see also Dagdag v. United States*, No. 3:16-cv-364-TAV, 2019 WL 2330274, at *1 n.1 (E.D. Tenn. May 31, 2019) ("[W]here the record conclusively shows that the petitioner is entitled to no relief, a hearing is not required." (citing *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)) (internal quotation marks omitted)).

A petitioner is not entitled to an evidentiary hearing if he has not alleged any facts that, if true, would entitle the petitioner to federal habeas relief. *See McSwain v. Davis*, 287 F. App'x 450, 458 (6th Cir. 2008). Even when material facts are in dispute, an evidentiary hearing is unnecessary if the petitioner is conclusively entitled to no relief. *See Amr v. United States*, 280 F. App'x 480, 485 (6th Cir. 2008). "Stated another way, the court is not required to hold an evidentiary hearing if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.; accord Arredondo*, 178 F.3d at 782. The decision whether to hold an evidentiary hearing is one committed to the sound discretion of the district court. *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) ("A decision not to hold an evidentiary hearing on a motion for relief under 28 U.S.C. § 2255 is reviewed for abuse of discretion.").

The applicable rules address what the district court may (and must) consider in determining whether to order an evidentiary hearing, where (as here) the motion is not dismissed under Rule 4(b) based on the district court's initial review:

> If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

Rule 8(a), Rules Governing Section 2255 Proceedings.[1]

## DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act (ADEPA) "provides a one-year statute of limitations for filing a federal habeas petition." *Cleveland v. Bradshaw*, 693 F.3d 626, 631 (6th Cir. 2012). Specifically, a petitioner must file his or her Section 2255 motion within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Court finds that Petitioner's Motion is untimely under 28 U.S.C. § 2255(f)(1). Petitioner was denied a writ of certiorari on April 23, 2019 (Case No. 18-5021, Letter Denying Petition for Writ of Certiorari). The denial of a petition for certiorari constitutes a final judgment.

---

[1] In the instant case, no materials have been submitted under Rule 7.

*See Clay v. United States*, 537 U.S. 522, 527 (2003). Thus, to be timely, Petitioner was required to file a Section 2255 motion by April 23, 2020. He filed the instant Motion in August of 2020.[2] Accordingly, the Motion is not timely under § 2255(f)(1).

"[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Petitioner bears the burden of persuading the court that he or she is entitled to equitable tolling." *Johnson v. United States*, 457 F. App'x. 462, 469 (6th Cir. 2012) (quoting *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

Petitioner argues that the one-year limitation period should be equitably tolled given a quarantine lockdown imposed by the Bureau of Prisons (BOP) in March of 2020 which prevented him from filing his Motion in a timely manner. (Doc. No. 6). The Government argues that the one-year statute of limitation period should not be equitably tolled because Petitioner failed to establish that he was diligently pursuing his claims. Specifically, the Government argues that

> In this case, the Defendant's writ of petition for certiorari to the Supreme Court was denied on April 23, 2019. In April of 2019 – and for the next ten months – neither the Petitioner, nor anyone else within the Bureau of Prisons (along with the rest of the world) were under any restrictions due to the global pandemic of COVID-19. Indeed, it was not until March 23, 2020 that the Centers for Disease Control issued guidance concerning COVID-19 within correctional and detention facilities. Therefore, whatever restrictions that Petitioner may have faced in his facility did not commence until over ten months after his petition for certiorari had been denied by the Supreme Court. Even assuming the Petitioner was placed in a "lockdown" on March 1st of 2020, Petitioner has offered no explanation for why he did not file his petition during the period from April 24, 2019 (the day after his petition for

---

[2] When signing his Motion, Petitioner only dated it "August 2020". (Doc. No. 1). "Under [the prison mailbox rule], a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). While the Court cannot determine the specific date when Petitioner delivered his motion to prison officials, this is immaterial to the Court's analysis. Even if the motion were given to prison officials on August 1, 2020, it would still be three months past the one-year limitation period.

certiorari was denied) to February 29, 2020 (the day before the earliest conceivable date – according to the Petitioner's assertion – that he could have been placed in lockdown), which is a period of 311 days.

(Doc. No. 11 at 2-3).

To be entitled to equitable tolling, Petitioner must show that he was reasonably diligent in pursuing his claim. *See Holland*, 560 U.S. at 653 (stating that equitable tolling requires "reasonable diligence," not "maximum feasible diligence"). Reasonable diligence is typically measured through evidence of repeated efforts to communicate with counsel and/or the Court. *See id.* (finding reasonable diligence when a petitioner "wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association…. And, the very day that [Petitioner] discovered that his AEDPA clock had expired… [Petitioner] prepared his own habeas petition pro se and promptly filed it with the District Court."); *Jimenez v. Butcher*, 839 F. App'x 918, 919 (5th Cir. 2021) (finding that a petitioner had exercised reasonable diligence when "[He] sent 'voluminous' correspondence to his original postconviction lawyer; he wrote his trial lawyer, apparently expressing a desire to change lawyers; he asked his trial lawyer to send him the state court record; and he 'promptly retained' a second postconviction lawyer upon learning of his original postconviction lawyer's withdrawal."). Conversely, courts do not find reasonable diligence when a petitioner fails to show that he or she has consistently pursued their claim. *See Patterson v. Lafler*, 455 Fed. App'x 606, 610-11 (6th Cir. 2012) (finding that petitioner was not reasonably diligent because they failed to make consistent efforts to contact their attorney regarding their habeas petition); *Carpenter v. Douma*, 840 F.3d 867, 870-71 (7th Cir. 2016) (stating that large time gaps between a petitioner's actions to pursue his claims undermined a finding of reasonable diligence);

*see also Mayberry v. Dittmann*, 904 F.3d 525, 531 (7th Cir. 2018) ("Petitioner's evidence of reasonable diligence lacked the specificity necessary to entitle him to equitable tolling.").

With regard to requests for equitable tolling because of the COVID-19 pandemic, courts have declined to find reasonable diligence when a petitioner (whose one-year limitation period had run in substantial part prior to the onset of the pandemic) fails to provide evidence as to why they could not have filed their motion prior to the pandemic becoming an impediment. *E.g., United States v. Dawkins*, No. 1:17-CR-129, 2021 WL 149020, at *2 (S.D. Ohio Jan. 15, 2021) (holding that a COVID-19 lockdown did not warrant equitable tolling where eight months of the limitation period had already expired prior to a BOP lockdown and the petitioner offered no explanation why he could not have filed his motion earlier); *Mims v. United States*, No. 4:20-CV-1538 RWS, 2021 WL 409954, at *3 (E.D. Mo. Feb. 5, 2021) (holding that the COVID-19 pandemic did not warrant equitable tolling because the petitioner failed to explain why he was unable to research and present his claims in the nine months before a lockdown); *United States v. Thomas*, No. CR 18-135, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020) ("During the COVID-19 pandemic, courts have found that prisoners are not entitled to equitable tolling if there is no evidence that they diligently pursued their right to file a § 2255 motion prior to the lockdowns."); *United States v. Barnes*, No. 18-CR-0154-CVE, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) (assuming a COVID-19-related lockdown "delayed defendant's ability to file his motion," but concluding equitable tolling was unwarranted because the defendant did not demonstrate he diligently pursued his claims).

In the instant case, over ten months of Petitioner's one-year limitation period had already elapsed by the time that the BOP lockdown was imposed.[3] Petitioner's only assertion of diligence

---

[3] As the Government notes, Petitioner does not offer a specific date the BOP lockdown was imposed, stating only that it was imposed "during the month of March, 2020" (Doc. No. 6 at 2).

is that prior to the lockdown he was working with a legal aide to prepare his Motion. (Doc. No. 6 at 2). Beyond this unsupported assertion however, the Court was unable to find any evidence or explanation regarding Petitioner's efforts to pursue his claim or explain why his Motion was not filed in the ten months prior to the lockdown.[4] Without this additional evidence, the Court cannot find that Petitioner has met his burden to demonstrate to the Court that he was reasonably diligent in pursuing his Section 2255 claims prior to the institution of BOP's COVID-19 lockdown. *See Patterson*, 455 Fed. App'x at 610-11 *Mayberry*, 904 F.3d at 531; *Dawkins*, 2021 WL 149020, at *2; *Mims*, 2021 WL 409954, at *3.

Accordingly, Petitioner is not entitled to have his one-year limitation period equitably tolled.[5] *See Holland*, 560 U.S. 649 (holding that equitable tolling requires a petitioner show *both* diligence *and* an extraordinary circumstance) (emphasis added). Without the benefit of equitable tolling, Petitioner's Motion is time barred.

---

Even assuming in Petitioner's favor that the date of the BOP lockdown was March 1, 2020, over ten months of Petitioner's statute of limitations period had already expired.

[4] It is not the Court's job "to root through the record not unlike a pig in search of truffles to uncover any grain of evidence that might support the position of a party that chose to otherwise sit on its hands." *Penn-Daniels, LLC v. Daniels*, No. 07-1282, 2010 WL 431888, at *3 (C.D. Ill. Jan. 28, 2010) (citing *Casna v. City of Loves Park*, 574 F.3d 420, 424 (7th Cir. 2009)); *see also Emerson v. Norvartis Pharm. Corp.*, 446 F. App'x 733, 736 (6th Cir. 2011) (noting that "judges are not like pigs, hunting for truffles" that might be buried in the record). The Court realizes that Petitioner is proceeding *pro se* and accordingly would be willing to construe the record leniently in his favor. But Petitioner has provided the Court with virtually nothing upon which to find (with or without a lenient eye) the required reasonable diligence.

[5] As the Court has concluded that Petitioner was not reasonably diligent in pursuing his claims, it need not address whether COVID-19 and the accompanying BOP lockdown constitute an extraordinary circumstance.

## CONCLUSION

For the above-mentioned reasons, Petitioner's Motion will be **DENIED** without an evidentiary hearing, and this action will be **DISMISSED**. This Order shall constitute the judgment in this case pursuant to Fed. R. Civ. P. 58.

Should Petitioner give timely notice of an appeal from this Order, such notice shall be treated as an application for a certificate of appealability, 28 U.S.C. § 2253(c). A district court may make a decision as to a certificate of appealability at the time it denies a Section 2255 petition, even though the petitioner has yet to make an effective request for such a certificate by filing a notice of appeal (or otherwise). *See Castro v. United States*, 310 F.3d 900, 902 (6th Cir. 2002). To obtain a certificate of appealability, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes that reasonable jurists could not find this Court's conclusion that Petitioner's Motion is untimely debatable or wrong. The Court will thus deny Petitioner a certificate of appealability.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE